ARKANSAS-MISSOURI POWER COMPANY v. LIGHT & POWER
IMPROVEMENT DISTRICT No. 1.

Opinion delivered May 18, 1925.

1. MUNICIPAL CORPORATION—DEPARTURE FROM PLANS OF IMPROVEMENT.—Where the engineer of a light and power improvement district concluded that an engine of less capacity in power would be sufficient for use in operating the plant, a change of the plans after the assessment of benefits was made by reducing the capacity of the engine did not constitute a departure from the general plans formed by the commissioners of the district in the first instance.

2. MUNICIPAL CORPORATIONS — INJUNCTION AGAINST CONSTRUCTION OF IMPROVEMENT.—The owners of property in an improvement district may restrain the commissioners from entering on the construction of an improvement district when the funds will be insufficient to complete or pay for it.

Appeal from Clay Chancery Court, Eastern District; J. M. Futrell, Chancellor; affirmed.

Little, Buck & Lasley, for appellant.

W. E. Spence, for appellee.

McCULLOCH, C. J.   An improvement designated as Light & Power Improvement District No. 1 of Piggott, Arkansas, was formed in the city of Piggott for the purpose of constructing and putting into operation an electric light plant. The district was properly formed by ordinance of the city council, enacted on petition of owners of property in the district. A second petition asking for the construction of the improvement was signed by a majority in value of the owners of property, and, after the appointment of the commissioners by the

city council, plans were formed and benefits were assessed.

It is conceded in the present litigation that the sum of $32,800 is the maximum amount which can be legally spent for the construction of the improvement, and in the original plans and estimates the sum of $32,384 was fixed as the estimated cost.

Appellant is the owner of real property in the district, and instituted this action against the commissioners of the district to restrain them from proceeding with the construction of the improvement, alleging that the cost would exceed the amount which could be spent and collected in taxes on the benefits. The case was heard by the chancery court on oral and documentary evidence, and the court refused to grant relief. There was, in other words, a finding in favor of the appellees on the issue as to the cost of the construction of the improvement. There were numerous witnesses, and the testimony was conflicting, but we are unable to discover that the preponderance of the evidence is against the finding of the chancery court. The evidence adduced on the part of appellees tends to establish the probable cost of the improvement at not exceeding $31,552, and that it may cost less than that. The testimony introduced by appellant tends to show that the cost would be about $35,000. We conclude, as before stated, that the finding of the chancellor is not against the preponderance of the evidence, and it will therefore not be disturbed.

It is also contended that the commissioners of the district exceeded their authority in changing the plans after the assessments of benefits were made. The only change made, as we understand the evidence, was in the reduction of the capacity of the engine. The evidence shows that the engineer of the district concluded that an engine of less capacity in power would be sufficient for use in operating the plant, and this change lessened, to some extent, the cost of the improvement. We do not think that this change in the plans was sufficient to con-

stitute a departure from the general plans formed by the commissioners in the first instance, and an engine of any size sufficient to operate the plant was within the scope of the plans. The owners of property in the district have the right to restrain commissioners from entering upon the construction of an improvement when it is shown that the funds will be insufficient to complete it or to pay for it, but the proof in the present case is not sufficient to warrant relief.

Decree affirmed.